124 F.3d 209
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Shirley A. Springer WILLIAMS, Appellant,
v.
SOUTHWESTERN BELL CORPORATION; Southwestern Bell Telephone
Company; Southwestern Bell Corporation Management Pension
Plan; Southwestern Bell Corporation Pension Eastern Benefit
Plan; Southwestern Bell Corporation Saving and Security
Plan; Southwestern Bell Corporation Employee Stock
Ownership Plan; Southwestern Bell Corporation Group Life
Insurance Program; General American Life Insurance Company;
Michael A. Amantea, Individually and in his Official
Capacity as Manger, Southwestern Bell Benefits Services, Appellees.
 No. 96-3884EA.
 United States Court of Appeals, Eighth Circuit.
 Submitted Aug. 22, 1997.
Filed Sept. 3, 1997.
 
 Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Shirley A. Springer Williams appeals the district court's decision that she was not entitled to benefits under her late former husband's employee benefit plans. We agree with the district court that Williams's action is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (1994). See Equitable Life Assurance Soc'y of the U.S. v. Crysler, 66 F.3d 944, 948-49 (8th Cir.1995). Contrary to Williams's view, she is not entitled to a jury trial under ERISA. See Houghton v. Sipco, Inc., 38 F.3d 953, 957 (8th Cir.1994). We also agree with the district court that under the terms of applicable plans, the plan administrator did not abuse its discretion in deciding Williams was not entitled to benefits under the pension plan's survivor annuity and death benefits, and the employee stock ownership plan, or to the double indemnity provision for accidental death under the group life insurance policy. See Donaho v. FMC Corp., 74 F.3d 894, 898 (8th Cir.1996). Finally, the district court's implicit denial of other pending motions was not an abuse of discretion. Cf. Toronto-Dominion Bank v. Central Nat'l Bank & Trust Co., 753 F.2d 66, 68 n. 5 (8th Cir.1985) (denial of pending motion may be implied from entry of final judgment). We thus affirm the judgment of the district court.